CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 18, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY FINK, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24-cv-00422 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MIDDLE RIVER REGIONAL JAIL, ) | By:  Hon. Thomas T. Cullen |
| *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

Plaintiff Jerry Fink, proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983, naming the Middle River Regional Jail as a defendant. (*See* Compl. [ECF No. 1].) On August 20, 2024, the Court advised Plaintiff that a jail is not a "person" subject to suit under § 1983, *see Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994), and that his complaint failed to state a claim for which relief could be granted (*see* Order, Aug. 20, 2024 [ECF No. 8]). The Court further advised Plaintiff that,

> [t]o state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.

(*Id.* at 1 (emphasis removed).) The Court ordered Plaintiff to file an amended complaint within 21 days and cautioned Plaintiff that failure to amend could result in dismissal of his complaint. (*Id.* at 1–2.) More than 21 days have elapsed, and Plaintiff has not filed an amended complaint.

Under 28 U.S.C. § 1915A, the Court has an obligation to screen prisoner filings and dismiss any complaint that "fails to state a claim upon which relief may be granted." 28 U.S.C.

§ 1915A(b)(1). As noted above, Plaintiff may not pursue a § 1983 claim against the jail because it is not a "person." And his claims against the individual defendants—LPN I. Lopez, Lt. Dull, and Sgt. B. Harper—are insufficient because he does not allege that they took or failed to take any action that violated his rights. Rather, he simply alleges that "[t]hey have still denied to give me my necessary medications." (Compl. ¶ D.1 [ECF No. 1].) Such a sparse allegation—and one that does not identify any defendant—is insufficient to state a claim.

Because Plaintiff's original complaint fails to state a claim upon which relief may be granted, and because Plaintiff failed to file an amended complaint corrected the noted deficiencies, his complaint will be dismissed under 28 U.S.C. § 1915A(b)(1).

**ENTERED** this 18th of September, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE